UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DARREN BROWNLEE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   Case No. 1:12-cv-228 |
| | ) |
| CITY OF FORT WAYNE, et al., | ) |
| | ) |
|     Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on the Motion to Withdraw filed by Plaintiff Darren Brownlee's counsel, Samuel Bolinger. (Docket # 13.) For the following reasons, Attorney Bolinger's request to withdraw will be DENIED.

"It is well settled that the discretion to grant or deny an attorney's motion to withdraw in a case such as this lies with the district court." *Barbee v. L. Fish Furniture Co.*, No. 1:05-cv-550, 2006 WL 3201938, at *1 (S.D. Ind. May 4, 2006) (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982)). Indiana Rule of Professional Conduct 1.16 sets forth various bases upon which an attorney of record may withdraw his representation of a party, including simply that "good cause for withdrawal exists." Ind. Rules of Prof'l Conduct R. 1.16(b). Nevertheless, "[w]hen ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." Ind. Rules of Prof'l Conduct R 1.16(c). "When an attorney seeks to withdraw from a case and no substitute counsel have appeared, the court must consider the interests not only of the counsel but also the

client, the other parties, and the court." *Burns v. Gen. Motors Corp.*, No. 1:06-cv-499, 2007 WL 4438622, at *1 (S.D. Ind. Nov. 30, 2007); *see also Fiscus v. Silgan Plastics Corp.*, No. 1:05-cv-157, 2005 WL 1528232, at *1 (S.D. Ind. June 28, 2005).

In the instant case, Attorney Bolinger represents that an "irretrievable breakdown" in communication and trust has occurred in his relationship with Brownlee, as they do not agree on how the matter should proceed, necessitating his withdrawal from the case. At a hearing on the motion held on October 5, 2012 (Docket # 16), Attorney Bolinger further elaborated that, while he thinks the case should be dismissed—and even filed a motion to dismiss which has subsequently been withdrawn—Brownlee wishes to proceed forward with his case.

But, as Attorney Bolinger's request to withdrawal illustrates, "[t]oo often, a plaintiff's attorney will seek to withdraw from a weak case, leaving the case like an orphan on the court's and the opponent's doorstep." *Burns*, 2007 WL 4438622, at *2. "The court and the opponent are thus left the task of educating the *pro se* party about applicable law and procedure, and often about the weaknesses in his case." *Id*. "Typically, such education should be the responsibility of that party's original lawyer." *Id.*; *see also Fiscus*, 2005 WL 1528232, at *1. "An attorney who agrees to represent a client in a court proceeding assumes a responsibility to the court as well as to the client." *Fiscus*, 2005 WL 1528232, at *1.

Here, considering the weaknesses of Brownlee's case, if Attorney Bolinger were permitted to withdraw, Brownlee would likely be unable to find another attorney, and the Court would similarly be unable to recruit one for him. Attorney Bolinger agreed to take this case and, therefore, assumed the responsibility for prosecuting it. He cannot now withdraw based on the weaknesses of the case, which should have been apparent from the beginning.

2

Therefore, for the foregoing reasons, Attorney Bolinger's Motion to Withdraw (Docket # 13) is DENIED.

SO ORDERED.

Entered this 5th day of October, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge